**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**IN ADMIRALTY**

*FILED*

02 JUL 26 PM 3: 11

MIDDLE DISTRICT OF COURT
TAMPA, FLORIDA

| | |
|---|---|
| MARY LOU STIEBLING, | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| BURMA TEAK, INC., d/b/a | § |
| TEAKDECKING SYSTEMS, | § |
| Defendant, | § |

CASE NO. 8:02-CV-1344-T-23EAJ

## COMPLAINT

COMES NOW the Plaintiff, Mary Lou Stiebling, by and through undersigned counsel and sues BURMA TEAK, INC., d/b/a TEAKDECKING SYSTEMS and alleges as follows:

1.      This is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and includes claims for breach of a contract to repair a sailing vessel; breach of warranty of workmanlike performance; unjust enrichment; breach of express warranty and negligence.

2.      Repair of an ocean going sailing vessel is a maritime contract pursuant to common law and the general maritime law of the United States.

3.      At all times material to this action the S/V ASTRAEA was afloat on navigable waters of the United States at the Bahia Beach Marina in Ruskin, Florida.

4.      This case is within the jurisdiction of this honorable court pursuant to 28 U.S.C. § 1333 and the general maritime law of the United States.

TA:25924.1

5.      Plaintiff, Mary Lou Stiebling, is the manager and operator of a 41 foot sailing vessel known as the S/V ASTRAEA, with official number 1394, registered in Antigua, West Indies and contracted for and paid for the materials and work that are the subject of this action.

6.      The Defendant is a Florida corporation, with its principal place of business in Sarasota County, Florida, but performed all repairs on the S/V ASTRAEA in Ruskin, Florida, within Hillsborough County, Florida.

7.      The defendant represented itself as expert in performing the type of repairs required by the Plaintiff and more specifically in manufacture and installation of the teakdecking system manufactured, sold and installed by the Defendant.

8.      Plaintiff relied on the expertise of the defendant to complete the agreed repairs in a timely and workmanlike manner.

COUNT I
BREAK OF REPAIR CONTRACT

9.      Plaintiff hereby realleges and incorporates paragraphs 1 through 8 as if set out herein in full and further alleges:

10.     During February 2002 Plaintiff and Defendant entered into a contract for repair of the S/V ASTRAEA, which included sale of materials for a new teak weather deck, and sale of installation services, including taking appropriate measurements and making appropriate calculations for fabrication of the new teak weather deck for the S/V

ASTRAEA, preparing the surface of the old deck for installation and installation of the new teak deck.

11.      The deck repair was contracted for in two sections, the forward deck and walkways for the amount of $14,000.00 and the cockpit/aft section for the amount of $7,500.00. Payment terms were orally agreed requiring 46% of the total for both sections to be paid prior to ordering the materials, with the balance payable upon satisfactory completion of the job.

12.      The remaining terms of the contract were memorialized in two Order Confirmations numbered 4043A and 4043B. These Order Confirmations are attached hereto as Exhibit A and incorporated herein.

13.      I accordance with the terms of the contract, the Defendant acknowledged receipt of the initial payment in the amount of $9,980.00 on February 27, 2002, assigned a manufacturing work order number and sent revised Order Confirmations. The revised Order Confirmations, with order numbers 4043A Revised and 4043 B Revised are attached hereto as Exhibit B and incorporated herein.

14.      Work on the vessel commenced on April 8, 2002.

15.      Defendant received payment in full for the job on or about April 18, 2002.

16.      At the time final payment was made, the job was not complete.

17.      Final payment was made prior to completion of the job as the result of a mistake by Plaintiff's bank.

18.     The job remains incomplete and unsatisfactory so that the Defendant is not entitled to retain the funds mistakenly received.

19.     Defendant has breached the repair contract by failing to complete the work agreed to in a satisfactory and workmanlike manner and by damaging the S/V ASTRAEA during installation of the teakdecking system.

20.     Defendant further breached the contract in that Defendant's installers were responsible for the wetting of the fiberglass deck core and in failing to take adequate measures to correct the situation although advised, at the job site of high moisture readings.

21.     Defendant ceased working on the vessel on or about April 30, 2002, with the job incomplete, unworkmanlike and unsatisfactory and without repairing the damage arising out of the installation and without correcting defects and deficiencies in the design and fabrication of the new decking material.

22.     Plaintiff has been damaged as a result of Defendant's breach of contract as follows:

A.      Plaintiff has paid for work that has not been completed and/or which is inadequate and/or defective and which must be repaired and/or replaced;

B.      Plaintiff has paid for materials which are inadequate and/or defective and/or improperly designed and which must be repaired and/or replaced.

C.      The defendant damaged the vessel by drilling completely through the deck during the installation process, by allowing the wood core of the existing deck to become wet, and by installing the new teakdecking system without adequate removal of moisture from the wooden core of the sub-deck.

TA:25924.1                                          4

D.    The vessel has suffered additional damage and deterioration due to defendant's failure to properly install the teakdecking system and failure to properly remove moisture that penetrated the deck core during the installation process.

19.    All conditions precedent to bringing this action have been fulfilled.

WHEREFORE, Plaintiff prays for entry of judgment against the Defendant in excess of $40,000.00, sufficient to repair and replace the defective materials and workmanship, to repair the damage to the vessel arising out of Defendant's breach of contract and cover survey, berthing and other expenses, for her costs in this action, prejudgment interest and such other and further relief as this court may deem just.

COUNT II
BREACH OF WARRANTY OF WORKMAN LIKE PERFORMANCE

20.    Plaintiff hereby realleges and incorporates paragraphs 1 through 8, 10, 14 & 15 as if set out herein in full and further alleges as follows:

21.    This is a cause of action for breach of warranty of workmanlike performance.

22.    All contracts for repairs to a vessel include an implied warranty of workmanlike performance.

23.    Defendant has breached the implied warranty of workmanlike performance as follows:

A.    Repairs have not been completed in a reasonable amount of time and remain incomplete;

B.    Materials and workmanship are improper and inadequate and much of the work needs to be redone;

C.     The vessel suffered damage as a result of improper work and unworkmanlike performance of repairs.

25.     Plaintiff has been damaged by defendant's breach of the implied warranty of workmanlike performance and such damages include the cost of repair of improper and inadequate materials and work on the vessel; the cost of repair of damage done to the vessel during the repairs; the cost of surveyors fees and the cost of all other related expenses such as berthing or storage fees, etc.

WHEREFORE, plaintiff, prays for entry of judgment against the defendant in excess of $40,000.00, sufficient to compensate her for damages arising out of Defendant's breach of warranty of workmanlike performance, for her costs in this action, prejudgment interest and for such other and further relief as this court deems just.

COUNT III<br>UNJUST ENRICHMENT

26.     Plaintiff hereby realleges and incorporates paragraphs 1 through 8, 10, 14 & 15 as if set out herein in full and further alleges:

27.     This is a cause of action for unjust enrichment of the Defendant.

28.     Defendant received payment for repair work on the S/V ASTRAEA, which is not complete and which is not satisfactory.

29.     Defendant was paid $11,540.00, as a result of an error by plaintiff's Bank, for work on her vessel that was not complete and was not satisfactory.

TA:25924.1

30.     To the extent defendant has received payment for work that has not been completed or

work that is inadequate, improper, defective and unworkmanlike, defendant has been

unjustly enriched and plaintiff has been damaged.

WHEREFORE plaintiff prays for entry of judgment in the amount of $11,540.00, plus

prejudgment interest, for her costs in this action and for such other and further relief as may be

appropriate.

COUNT IV
BREACH OF EXPRESS WARRANTY

31.     Plaintiff hereby realleges and incorporates paragraphs 1 through 8, 10, through 15 as if

set out herein in full and further alleges:

32.     This is a cause of action for breach of express warranty as to materials and workmanship.

33.     Defendant expressly warranted all materials and workmanship in installation as part of

the contract and confirmed that warranty in a letter dated April 23, 2002, signed by the

president of Burma Teak, Inc. d/b/a Teakdecking Systems.   A copy of said letter is

attached hereto as Exhibit C.

34.     The express warranty has been breached in that materials supplied for the cockpit deck

are inadequate, the entire installation is inadequate in that the teakdecking system has

been installed over a deck which has a wet wooden core as a result of the methods and

workmanship of the installers.

35.     The Defendant was given notice of this breach of warranty verbally to the installers and

supervisor on the job site and in writing on April 22, 2002.

36.     The written notice of the defects and damage resulted in the April 23, 2002 letter attached hereto, as Exhibit C, confirming a warranty as to materials and installation.

37.     Plaintiff has suffered damage as a result of Plaintiff's breach of warranty in the amount necessary to correct the breach of warranty, including: removal of defective and improperly installed decking and associated materials; repair of the wet core of the sub-deck; repair of holes drilled through to the interior of the vessel; refabrication and replacement of all teakdecking that is removed; re-installation of the teakdecking system in a proper and workmanlike manner and all related costs and expenses such as survey fees; berthing or storage fees, etc.

WHEREFORE, Plaintiff prays for entry of judgment against the Defendant in excess of $40,000.00, sufficient to compensate her for Defendant's breach of express warranty, for her costs in this action, prejudgment interest and such other and further relief as this court may deem just.

## COUNT V
## NEGLIGENCE

38.     Plaintiff hereby realleges and incorporates paragraphs 1 through 8, as if set out herein in full and further alleges:

39.     This is cause of action for negligence.

40.     During April 2002, the Defendant performed repairs to the S/V ASTRAEA, in the form of installation of a teakdecking system.

41.   All supervisors, fabricators, workmen and installers involved in the installation of the Burma Teak Teakdecking system were agents or employees of the Defendant, and were at all times acting within the course and scope of their employment by the Defendant.

42.   Defendant's agents and/or employees owed the Plaintiff a duty of reasonable care in performing the installation of the teakdecking system.

43.   Defendant's agents and/or employees breached their duty of reasonable care during installation of the teakdecking system on the S/V ASTRAEA by carelessly and negligently causing damage to the vessel by failing to use any system to prevent drilling holes through the deck and into the interior of the vessel; by failing to protect the deck from rain, causing the wooden core of the existing deck to become wet and then installing the new deck without adequate measures to insure that the wooden core of the existing deck was dry before re-sealing it.

44.   Defendant further breached its duty of reasonable care to the Plaintiff by failing to adequately supervise the installation of the teakdecking system on the S/V ASTRAEA.

45.   Plaintiff has been damaged by the negligence of the Defendant in the amount necessary to remove the new deck; dry or remove and replace the wet wooden core of the fiberglass deck; repair spots where drill holes penetrated the interior; replace; re-fabricate and re-install the teakdecking system and the associated cost of berthing or dry docking the vessel for the period of repairs, survey fees and all other fees, costs and expenses arising out of the negligence of the Defendant.

WHEREFORE, Plaintiff prays for entry of judgment against the Defendant in excess of $40,000.00, sufficient to compensate her for all damages arising out of Defendant's negligence, for her costs in this action, prejudgment interest and such other and further relief as this court may deem just.

By: _____

Timothy P. Shusta (Bar No. 442305)
(Trial Counsel)
100 South Ashley Drive
Suite 1900
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
Counsel for Plaintiff

| **TEAKDECKING SYSTEMS**<br>**7061 15TH STREET EAST**<br>**SARASOTA, FL 34243 USA**<br>FAX: +1 941 756 0406<br>TEL: +1 941 756 0600 | *TEAKDECKING SYSTEMS* | DATE:<br>*2002-02-20* | QUOTATION<br>(VALID 30 DAYS) |
|---|---|---|---|
| | | X | ORDER CONFIRMATION |
| | | ATTENDED TO BY: | WORK ORDER #: |
| | | *JAMES DONGHIA* | *4043 A* |

| NOTIFY ADDRESS:<br>*MARY LOU STIEBLING*<br>*2201 HIGHWAY # 41 SOUTH*<br>*SPACE # 108*<br>*RUSKIN, FL 33570* | PURCHASE REFERENCE:<br><br>*MARY LOU STIEBLING* | CONSIGNEE:<br>*S/Y "ASTRAEA"*<br>*C/O BAHIA BEACH MARINA*<br>*3301 SEAGRAPE DR.*<br>*RUSKIN, FL 33570* |
|---|---|---|
| | PO #: | |
| TEL: *813 645 0097* | TEL: | TEL: *813 645 6286* |
| FAX: *813 641 1385* | FAX: | FAX: |

| TERMS OF DELIVERY: | ☒ EX WORKS<br>☐ PREPAID | DATE OF DELIVERY:<br>*6-8 WEEKS FROM RECEIPT OF TEMPLATES* | DESTINATION:<br>*RUSKIN, FL* |
|---|---|---|---|

| PAYMENT TERMS: | | | SHIPPING INFORMATION: | |
|---|---|---|---|---|
| ☐ COD | 30% | ON ORDER | ☒ MOTOR FREIGHT | |
| ☐ NET 10 | 40% | ON DELIVERY | ☐ PREPAID  ☐ AIR FREIGHT | |
| ☐ NET 30 | 30% | ON COMPLETION OF INSTALLATION | ☒ COLLECT  ☐ UPS | |
| | | | ☐ COD | |
| | | | ☐ PICK UP  ☐ INSURANCE | |

| MANUFACTURER/MODEL:<br>*41' YANKEE CLIPPER KETCH* | MARKS:<br>*BOW AND WALKWAYS* |
|---|---|

| QUANTITY UNIT. SPECIFICATION | TEAKDECKING SYSTEMS | PRICE: U.S. $ |
|---|---|---|

TDS CTDC 48014 TEAKDECKING FOR THE BOW AND WALKWAYS, INCLUDING
PRE-TRIMMING ALL MARGINS, HATCHES, AND KINGPLANK, PER TEMPLATES.

    BATTENS: 1 7/8" WIDE X 14 mm THICK with 4 mm SEAMS
    APPROX.: 140 FT$^2$

**INCLUDES:**
SIS 440 TEAK DECK CAULK: 20 Ctg @ $ 9.50
FITTING / FAIRING ADHESIVE: 5 Gal @ $ 75.00
CRATING:

**TEMPLATES AND INSTALLATION** BY TDS TECHNICIAN MUST BE PERFORMED
UNDER COVER, AREAS FREE AND CLEAR, SAFE AND ACCESSIBLE AT ALL TIMES OR
SUBJECT TO ADDITIONAL CHARGES OF $ 44 / HR PER TECHNICIAN FOR DELAYS.    14,000

**ADDITIONAL COSTS @ $ 44 / MAN-HOUR + MATERIALS:**
- ANY SURFACE PREPARATION OR FAIRING
- REMOVAL OF EXISTING DECKING
- REMOVAL OR INSTALLATION OF ANY DECK HARDWARE
- SHRINK WRAPPING, IF NECESSARY, TO PROTECT FROM THE WEATHER
- TRAVEL & SUBSISTENCE FOR TDS TECHNICIANS IF NOT WITHIN A 50 MILE RADIUS OF SARASOTA, FL.

| INSTALLATION, IF ANY, AS PER TEAKDECKING SYSTEMS GENERAL TERMS AND CONDITIONS | FLORIDA SALES TAX: | |
|---|---|---|
| CUSTOMER TAX EXEMPT #: | TOTAL | |
| *PLEASE SIGN* AND RETURN DUPLICATE WITH DOWN PAYMENT | /S/ MLS<br>CUSTOMER SIGNATURE/TITLE | DATE |

| THIS SECTION FOR TDS USE. | | DISTRIBUTION: | |
|---|---|---|---|
| | *Ian a Dal* | ☐ CUSTOMER FILE | ☐ PRODUCTION |
| | | ☐ OFFICE | ☐ TRAFFIC |
| RN | | ☐ SALES | ☐ CEO |



TEAKDECKING SYSTEMS     TEL:1-941-756-0406          Feb 2 '02   17:42 No.021 P.05

| TEAKDECKING SYSTEMS 7061 15TH STREET EAST SARASOTA, FL 34243 USA FAX: +1 941 756 0406 TEL: +1 941 756 0600 | **TEAKDECKING SYSTEMS** | DATE: *2002-02-20* | | QUOTATION (VALID 30 DAYS) |
|---|---|---|---|---|
| | | | X | ORDER CONFIRMATION |
| | | ATTENDED TO BY: *JAMES DONGHIA* | WORK ORDER #: *4043 B* | |

| NOTIFY ADDRESS: *MARY LOU STIEBLING 2201 HIGHWAY # 41 SOUTH SPACE # 108 RUSKIN, FL 33570* | PURCHASE REFERENCE: *MARY LOU STIEBLING* | CONSIGNEE: *S/Y "ASTRAEA" C/O BAHIA BEACH MARINA 3301 SEAGRAPE DR. RUSKIN, FL 33570* |
|---|---|---|
| | PO #: | |
| TEL: *813 645 0097* | TEL: | TEL: *813 645 6286* |
| FAX: *813 641 1385* | FAX: | FAX: |

| TERMS OF DELIVERY: | ☒ EX WORKS ☐ PREPAID | DATE OF DELIVERY: *6-8 WEEKS FROM RECEIPT OF TEMPLATES* | DESTINATION: *RUSKIN, FL* |
|---|---|---|---|

PAYMENT TERMS:

| ☐ COD | 30% | ON ORDER |
|---|---|---|
| ☐ NET 10 | 40% | ON DELIVERY |
| ☐ NET 30 | 30% | ON COMPLETION OF INSTALLATION |

SHIPPING INFORMATION:
☐ PREPAID   ☐ MOTOR FREIGHT
☒ COLLECT   ☐ AIR FREIGHT
☐ COD       ☐ UPS
☐ PICK UP   ☐ INSURANCE

| MANUFACTURER/MODEL: *41' YANKEE CLIPPER KETCH* | MARKS: *COCKPIT / AFT SECTION* |
|---|---|

| QUANTITY, UNIT, SPECIFICATION: | TEAKDECKING SYSTEMS | PRICE: U.S. $ |
|---|---|---|
| TDS CTDS 48014 TEAKDECKING FOR THE COCKPIT / AFT SECTION, INCLUDING PRE-TRIMMING ALL MARGINS AND HATCHES, PER TEMPLATES<br><br>   BATTENS: 1 7/8" WIDE X 14 mm THICK with 4 mm SEAMS<br>   APPROX.: 75 FT³<br><br>INCLUDES:<br>SIS 440 TEAK DECK CAULK: 12 Crg @ $ 9.50<br>FITTING / FAIRING ADHESIVE: 3 Gal @ $ 75.00<br>CRATING:<br><br><br>TEMPLATES AND INSTALLATION BY TDS TECHNICIAN MUST BE PERFORMED UNDER COVER, AREAS FREE AND CLEAR, SAFE AND ACCESSIBLE AT ALL TIMES OR SUBJECT TO ADDITIONAL CHARGES OF $ 44 / HR PER TECHNICIAN FOR DELAYS.<br><br>ADDITIONAL COSTS @ $ 44 / MAN-HOUR + MATERIALS:<br> • ANY SURFACE PREPARATION OR FAIRING<br> • REMOVAL OF EXISTING DECKING<br> • REMOVAL OR INSTALLATION OF ANY DECK HARDWARE<br> • SHRINK WRAPPING, IF NECESSARY, TO PROTECT FORM THE WEATHER<br> • TRAVEL & SUBSISTENCE FOR TDS TECHNICIANS IF NOT WITH A 50 MILE RADIUS OF SARASOTA, FL. | | 7,500 |

| INSTALLATION, IF ANY, AS PER TEAKDECKING SYSTEMS GENERAL TERMS AND CONDITIONS | FLORIDA SALES TAX: | |
|---|---|---|
| CUSTOMER TAX EXEMPT #: | TOTAL | |

| **PLEASE SIGN** AND RETURN DUPLICATE WITH DOWN PAYMENT | ✍ /S/ MLS CUSTOMER SIGNATURE/TITLE | / / DATE |
|---|---|---|

THIS SECTION FOR TDS USE:

*Jan a Dog l*

DISTRIBUTION:
☐ CUSTOMER FILE
☐ OFFICE
☐ SALES

☐ PRODUCTION
☐ TRAFFIC
☐ CFO

RN



D₂

## ORDERING PROCEDURE

*Orders for products and services will be accepted by verbal and written authorization.* Verbal (telephone) orders will be confirmed in writing to the ordering party. It is the responsibility of the ordering party to *promptly* notify TDS should there be an error in the written order confirmation. No notification signifies that the order is correct and complete as written.

## PAYMENT TERMS

Payment for stock items is due upon delivery, unless an open account with payment terms has been established.

## SPECIAL ORDERS/CUSTOM MADE PRODUCTS

(Non-shelf items)

A 50% deposit is required before work is begun. Balance is due prior to shipment.

## RETURN POLICY

Returns require prior approval by TDS on shelf item parts only. Services and special order components may not be returned. If you refuse a C.O.D. shipment, it will be returned to TDS, and you will be charged for freight/shipping costs to and from, plus fifteen (15) percent of the invoice amount for handling and restocking service.

## FREIGHT

All parts will be shipped *freight collect*, FOB Sarasota, Florida USA, unless other arrangements are made. The most economical carriers will be used, unless otherwise instructed by the purchaser.

## WARRANTY

Material and services would carry no expressed or implied warranty, and are sold "as is". Write or telephone for the warranty applicable to any special products or services.

TDS reserves the right to change or update any and all products, specifications, and/or services without prior written notification.

## PAYMENT PENALTIES

If payment is not received within the time limit agreed upon, the balance shall bear interest at the rate of one-and-one-half (1-1/2) percent per month, compounded daily, until paid.

In the event that TDS has to retain the services of a collection agency or attorneys to obtain payment of any invoices due, then the cost of collection, including attorney fees and costs, shall be for the account of the customer.

Proper venue is Sarasota, Florida.



**TEAKDECKING SYSTEMS**
**7061 15TH STREET EAST**
**SARASOTA, FL 34243 USA**
**FAX: +1 941 756 0406**
**TEL: +1 941 756 0600**

**DATE:** *2002-04-01*

| QUOTATION (VALID 30 DAYS) |
|---|
| X  ORDER CONFIRMATION |

**ATTENDED TO BY:**      *JAMES DONGHIA*

**WORK ORDER #:**      *4043 A REVISED*

| NOTIFY ADDRESS: | PURCHASE REFERENCE: | CONSIGNEE: |
|---|---|---|
| *ASTRAEA LTD* / *LONGSTREET ST JOHN'S* ~~*JOLLY HARBOUR*~~*, ANTIGUA* | *MARY LOU STIEBLING* *2201 HIGHWAY 41 SOUTH* *SPACE 108* *RUSKIN, FL 33570* | *S/Y "ASTRAEA"* *C/O BAHIA BEACH MARINA* *3301 SEAGRAPE DR.* *RUSKIN, FL 33570* |
| | PO #: | |
| TEL: | TEL:  *813 645 0097* | TEL:  *813 645 6286* |
| FAX: | FAX:  *813 641 1385* | FAX: |

| TERMS OF DELIVERY: | ☒ *EX WORKS* ☐ *PREPAID* | DATE OF DELIVERY: *6-8 WEEKS FROM RECEIPT OF TEMPLATES* | DESTINATION:  *RUSKIN, FL* |
|---|---|---|---|

| PAYMENT TERMS: | | | SHIPPING INFORMATION: |
|---|---|---|---|
| ☐ COD | 30% | *ON ORDER* | ☒ *MOTOR FREIGHT* |
| ☐ NET 10 | 40% | *ON DELIVERY* | ☐ PREPAID  ☐ AIR FREIGHT |
| ☐ NET 30 | 30% | *ON COMPLETION OF INSTALLATION* | ☒ COLLECT  ☐ UPS ☐ COD  ☐ PICK UP  ☐ INSURANCE |

| MANUFACTURER/MODEL: *41' YANKEE CLIPPER KETCH* | MARKS: *BOW AND WALKWAYS* |
|---|---|

| QUANTITY, UNIT, SPECIFICATION: | **TEAKDECKING SYSTEMS** | PRICE:  U.S. $ |
|---|---|---|

**TDS CTDC 48014 TEAKDECKING FOR THE BOW AND WALKWAYS,** INCLUDING PRE-TRIMMING ALL MARGINS, HATCHES, AND KINGPLANK, PER TEMPLATES.

**BATTENS:** 1 7/8" WIDE X 14 mm THICK with 4 mm SEAMS
**APPROX.:** 140 FT$^2$

**INCLUDES:**
SIS 440 TEAK DECK CAULK: 20 Ctg @ $ 9.50
FITTING / FAIRING ADHESIVE: 5 Gal @ $ 75.00
CRATING:

**TEMPLATES AND INSTALLATION** BY TDS TECHNICIAN MUST BE PERFORMED UNDER COVER, AREAS FREE AND CLEAR, SAFE AND ACCESSIBLE AT ALL TIMES OR SUBJECT TO ADDITIONAL CHARGES OF $ 44 / HR PER TECHNICIAN FOR DELAYS.

**14,000**

**ADDITIONAL COSTS @ $ 44 / MAN-HOUR + MATERIALS:** *NONE REQ'D*
- ANY SURFACE PREPARATION OR FAIRING
- REMOVAL OF EXISTING DECKING
- REMOVAL OR INSTALLATION OF ANY DECK HARDWARE
- SHRINK WRAPPING, IF NECESSARY, TO PROTECT FROM THE WEATHER
- TRAVEL & SUBSISTENCE FOR TDS TECHNICIANS IF NOT WITHIN A 50 MILE RADIUS OF SARASOTA, FL.

EXHIBIT 3

INSTALLATION, IF ANY, AS PER TEAKDECKING SYSTEMS GENERAL TERMS AND CONDITIONS

CUSTOMER TAX EXEMPT #:

FLORIDA SALES TAX.

**TOTAL**

*PLEASE SIGN* **AND RETURN DUPLICATE WITH DOWN PAYMENT**

/    /

**CUSTOMER SIGNATURE/TITLE**      **DATE**

THIS SECTION FOR TDS USE:

| DISTRIBUTION: | |
|---|---|
| ☐ CUSTOMER FILE | ☐ PRODUCTION |
| ☐ OFFICE | ☐ TRAFFIC |
| ☐ SALES | ☐ CEO |

| **TEAKDECKING SYSTEMS**<br>**7061 15TH STREET EAST**<br>**SARASOTA, FL 34243  USA**<br>**FAX:  +1 941 756 0406**<br>**TEL:  +1 941 756 0600** | *(TEAKDECKING SYSTEMS logo)* | DATE: **2002-04-01** | **QUOTATION** (VALID 30 DAYS) |
|---|---|---|---|
| | | ATTENDED TO BY:<br>*JAMES DONGHIA* | X  **ORDER CONFIRMATION**<br>**WORK ORDER #:**  *G*<br>*4043 B  REVISED* |

| NOTIFY ADDRESS: | PURCHASE REFERENCE: | CONSIGNEE: |
|---|---|---|
| *ASTRAEA, LTD /* MB<br>*LONGSTREET ST JOHN'S*<br>*JOLLY HARBOUR, ANTIGUA* | *MARY LOU STIEBLING*<br>*2201 HIGHWAY 41 SOUTH*<br>*SPACE  108*<br>*RUSKIN, FL 33570* | *S/Y "ASTRAEA"*<br>*C/O BAHIA BEACH MARINA*<br>*3301 SEAGRAPE DR.*<br>*RUSKIN, FL 33570* |
| | PO #: | |
| TEL: | TEL:  **813 645 0097** | TEL :   **813 645 6286** |
| FAX: | FAX:  **813 641 1385** | FAX: |

| TERMS OF DELIVERY: | ☒ *EX WORKS*  ☐ *PREPAID* | DATE OF DELIVERY:<br>*6-8 WEEKS FROM RECEIPT OF TEMPLATES* | DESTINATION:   *RUSKIN, FL* |
|---|---|---|---|

| PAYMENT TERMS: | | | SHIPPING INFORMATION: |
|---|---|---|---|
| ☐ COD | *30%* | *ON ORDER* | ☒ MOTOR FREIG. |
| ☐ NET 10 | *40%* | *ON DELIVERY* | ☐ PREPAID   ☐ AIR FREIGHT |
| ☐ NET 30 | *30%* | *ON COMPLETION OF INSTALLATION* | ☒ COLLECT   ☐ UPS |
| | | | ☐ COD   ☐ PICK UP   ☐ INSURANCE |

| MANUFACTURER/MODEL:<br>*41' YANKEE CLIPPER KETCH* | MARKS:<br>*COCKPIT / AFT SECTION* |
|---|---|

| QUANTITY, UNIT, SPECIFICATION: | **TEAKDECKING SYSTEMS** | PRICE:   U.S |
|---|---|---|

**TDS CTDS 48014 TEAKDECKING FOR THE  COCKPIT / AFT SECTION**, INCLUDING
PRE-TRIMMING ALL MARGINS AND HATCHES, PER TEMPLATES

    **BATTENS: 1 7/8"  WIDE X 14  mm THICK with 4  mm SEAMS**
    **APPROX.: 75 FT$^2$**

**INCLUDES:**
**SIS 440 TEAK DECK CAULK:** 12 Ctg @ $ 9.50
**FITTING / FAIRING ADHESIVE:** 3 Gal @ $ 75.00
· **CRATING:**

*(stamp:* **EXHIBIT B** *)*

*7,500.*

*7,50*

**TEMPLATES AND INSTALLATION** BY TDS TECHNICIAN MUST BE PERFORMED
UNDER COVER, AREAS FREE AND CLEAR, SAFE AND ACCESSIBLE AT ALL TIMES OR
SUBJECT TO ADDITIONAL CHARGES OF $ 44 / HR PER TECHNICIAN FOR DELAYS.

**ADDITIONAL COSTS @ $ 44 / MAN-HOUR + MATERIALS:**  *NONE REQ'D* MB
- ANY SURFACE PREPARATION OR FAIRING
- REMOVAL OF EXISTING DECKING
- REMOVAL OR INSTALLATION OF ANY DECK HARDWARE
- SHRINK WRAPPING, IF NECESSARY, TO PROTECT FORM THE WEATHER
- TRAVEL & SUBSISTENCE FOR TDS TECHNICIANS IF NOT WITH  A 50 MILE RADIUS OF SARASOTA, FL.

INSTALLATION, IF ANY, AS PER TEAKDECKING SYSTEMS GENERAL TERMS AND CONDITIONS

| | FLORIDA SALES TAX: | |
|---|---|---|
| CUSTOMER TAX EXEMPT #: | | *TOTAL* |
| *PLEASE SIGN* **AND RETURN DUPLICATE WITH DOWN PAYMENT** | | / |
| | CUSTOMER SIGNATURE/TITLE | DATE |
| THIS SECTION FOR TDS USE: | *Sam A Tay...* (signature) | |

| DISTRIBUTION: | |
|---|---|
| ☐ CUSTOMER FILE | ☐ PROD |
| ☐ OFFICE | ☐ TRAFF |
| ☐ SALES | ☐ CEO |

TEAKDECKING SYSTEMS   TEL:1-941-756-0406      Apr 23,02   20:43 No.021 P.01



*Rec'd from Paradise PK*
*Thur, Thur (their fax had*
*Tuesday Easter problems)*

## FAX COVER SHEET

| LOG NUMBER: | | # OF PAGES: | 1 |
| --- | --- | --- | --- |
| DATE: | April 23, 2002 | FAX No.: | 1 813 641 1385 |
| TO: | MS MARY LOU STIEBLING | | |
| ATTENTION: | | | |
| FROM: | LARS LEWANDER | | |
| REGARDING: | S/Y ASTRAEA    W.O. 4043 | | |

DEAR Ms STIEBLING,

WE HAVE RECEIVED YOUR FAXMESSAGE DATED APRIL 22,2002,
REGARDING THE TEAKDECKING FOR YOUR YACHT.

I HAVE ASKED OUR SUPERVISORS AND INSTALLERS TO MAKE THEIR
COMMENTS REGARDING YOUR STATEMENTS, AND WE WILL
CONTACT YOU ONCE THIS INVESTIGATION IS FINISHED.

AS ALWAYS, WHEN OUR CUSTOMER HAS FULFILLED HIS OR HER
OBLIGATIONS TO OUR COMPANY, ACCORDING TO THE CONTRACT
AGREED UPON ,WE STAND BEHIND OUR MATERIALS AND
INSTALLATIONS.

WITH KINDEST REGARDS

TEAKDECKING SYSTEMS

LARS LEWANDER
PRESIDENT

TEAKDECKING SYSTEMS • 7061 15th Street East • Sarasota, Florida 34243-3243 USA
www.teakdecking.com • E-mail teakdecking@prodigy.net • Fax +1 941 756 0406 • Tel +1 941 756 0600

